

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00043-CR

———————————————————

KIBA BARNER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1601127D

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Kiba Barner appeals her state-jail conviction and sentence. Barner's court-appointed appellate counsel filed a motion to withdraw and an *Anders* brief in support of his motion because he had determined that Barner's appeal presented no arguable points. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel noted, however, clerical error in the judgment. We grant counsel's motion, modify the judgment to correct the clerical error, and affirm the trial court's judgment as modified.

## I.  Background

In August 2019, as part of a plea bargain, Barner pleaded guilty, and the trial court (1) found Barner guilty of fraudulently securing the execution of a document, (2) assessed her punishment at two years' incarceration in a state jail, (3) probated her sentence for five years, and (4) placed her on community supervision. *See* Tex. Penal Code Ann. § 32.46(a), (b)(4). A little over two years later, in November 2021, the State filed a petition to revoke Barner's community supervision. At the February 2022 hearing, Barner pleaded "true" to four of the State's five allegations and "not true" to a fifth. After hearing the evidence, the trial court found all five allegations true and revoked Barner's community supervision. But when sentencing Barner, the trial court reduced her punishment from two years' incarceration in a state jail to only one year. *See* Tex. Code Crim. Proc. Ann. art. 42A.755(a)(2). In addition to reducing Barner's sentence, the trial court gave her credit for the 50 days that she had served in jail.

## II. Discussion

Barner's court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400. With one exception,[1] counsel's brief and motion meet the requirements of *Anders*, which requires counsel to present a professional evaluation of the record and show why the appeal contains no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. Barner filed a pro se response, but her response does not show any arguable grounds for appeal.[2] The State filed a response in which it agreed with Barner's counsel that the appeal contained no arguable points.

We have independently examined the record, as is our duty when appointed counsel files an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the record, we agree with counsel that the appeal is wholly

---

[1]We do not see where counsel notified Barner of her right to file a pro se petition for discretionary review in either his *Anders* brief or motion to withdraw. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). But in a separate document entitled "Certificate of Counsel," which Barner's attorney sent to her by certified mail, he represents that he informed her of her right to seek discretionary review pro se in the event that we concluded that her appeal was frivolous. We also note that, by rule, counsel is required to inform Barner of this right after our opinion issues. *See* Tex. R. App. P. 48.4.

[2]Barner requested a time cut or, effectively, credit for good conduct. Jurisdictional concerns aside, Barner did not preserve these issues in the trial court. *See* Tex. R. App. P. 33.1

frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

### III. Clerical Error

Although counsel found nothing substantively to advance, he noted one clerical error in the judgment and asked the court to modify the judgment to correct the mistake. We agree that the judgment contains clerical error. It incorrectly recites that Barner pleaded true to the State's petition to revoke. The record shows that Barner pleaded "not true" to paragraph two and "true" to paragraphs three through six. The State waived the first paragraph.

We have the power to sua sponte correct clerical error and reform the trial court's judgment "to make the record speak the truth" when we have the necessary information to do so. *Criado v. State*, Nos. 02-21-00104-CR, 02-21-00105-CR, 2022 WL 2071791, at *4 (Tex. App.—Fort Worth June 9, 2022, no pet.) (mem. op., not designated for publication). We can effectively render a judgment nunc pro tunc. *Id.*

Thus, we delete the language showing that Barner pleaded "true" and modify the judgment to reflect that she pleaded "not true" to paragraph two and "true" to paragraphs three through six.

4

## IV. Conclusion

Accordingly, we grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Barner and to advise her of her right to file a petition for discretionary review. *See* Tex. R. App. P. 48.4; *Hemphill v. State*, No. 13-22-00194-CR, 2022 WL 16842920, at *2 (Tex. App.—Corpus Christi–Edinburg Nov. 10, 2022, no pet. h.) (mem. op., not designated for publication).[3]

We modify the judgment to delete the language showing that Barner pleaded "true" and to reflect that she pleaded "not true" to paragraph two and "true" to paragraphs three through six. We affirm the trial court's judgment as modified.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 12, 2023

---

[3]No substitute counsel will be appointed. *See Hemphill*, 2022 WL 16842920, at *2 n.2; *see also Gutierrez v. State*, No. 02-19-00448-CR, 2021 WL 1685952, at *1 (Tex. App.—Fort Worth Apr. 29, 2021, no pet.) (mem. op., not designated for publication). Any petition for discretionary review must be filed within 30 days after the date of this court's judgment or the date the last timely motion for rehearing, or timely motion for en banc reconsideration, is overruled by this court. Tex. R. App. P. 68.2. Additionally, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals and should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. Tex. R. App. P. 68.3(a), 68.4.